FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO, en representación y para beneficio de JUAN CRUZ SEGUÍ, querellante y apelado, *v.* ÁLVARO MORALES CORDERO, querellado y apelante.

Núm. 10477.—*Sometido:* Junio 1, 1951. *Resuelto:* Junio 26, 1951.

*Antonio J. Matta,* abogado del apelante; *Joaquín Gallart Mendía* y *Augusto Palmer,* abogados del Departamento del Trabajo y a su vez del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Se inició el presente caso por el Comisionado del Trabajo de Puerto Rico, en representación y para beneficio del empleado Juan Cruz Seguí, reclamando, bajo las disposiciones del Decreto Mandatorio núm. 12 de la Junta de Salario Mínimo de Puerto Rico, aprobado el 4 de diciembre de 1946 y enmendado el 8 de enero de 1948, la suma de $178 por concepto de salarios dejados de pagar a dicho empleado por el querellado en su negocio de ventas al por mayor que explotaba con fines de lucro en la isla de Vieques, así como el importe de las vacaciones acumuladas al cesar en su empleo, todo correspondiente a doce semanas que dicho empleado trabajara para el querellado, en dicho negocio, en calidad de chófer. Se reclamó una cantidad igual por vía de penalidad. El tribunal inferior, en juicio *de novo,* declaró con lugar la querella, dando por probados los siguientes hechos:

"1. Que el querellante Juan Cruz Seguí trabajó para el querellado Álvaro Morales Cordero desde el 7 de febrero de 1949 hasta el 30 de abril de 1949 como chófer de un *truck* propiedad del querellado y ganaba la suma de diez dólares ($10) semanales.
"2. Que el querellante transportaba mercaderías del querellado una o dos veces semanalmente desde la Playa de Vieques hasta los almacenes, entregándole las mercaderías Agustín Monell, sobrecargo de las goletas de Vieques.

"3. Que el querellado Álvaro Morales tiene establecimientos comerciales para la venta al detall en el pueblo de Vieques y en un campo de Vieques y el querellante conducía mercaderías del querellado desde el almacén a dichas tiendas así como a los comerciantes que compraban en el almacén del querellado."

Resolvió la corte inferior que el Decreto Mandatorio núm. 12 enmendado, de la Junta de Salario Mínimo, era aplicable al caso del obrero reclamante.

En apelación el querellado señala como errores del tribunal inferior: (1) Sostener que era aplicable a los hechos de este caso el Decreto Mandatorio núm. 12; (2) no estar la sentencia sostenida por la prueba y (3) imponer las costas al querellado.

█ El Decreto Mandatorio núm. 12 de la Junta de Salario Mínimo define en el apartado A de su artículo I lo que ha de entenderse por servicio de transporte.(¹) El apelante sostiene que para la fecha a que se contrae la reclamación en este caso funcionaba un negocio combinado de ventas al por menor y ventas al por mayor, y que siendo el mismo un solo negocio, le era a éste aplicable el Decreto Mandatorio núm. 8 de la Junta de Salario Mínimo que comenzó a regir en el mes de junio de 1945 y no el núm. 12 enmendado, ya que el núm. 8—que reglamenta las ventas al por

---

(¹) El apartado A del artículo I de dicho Decreto dispone:

"*El Servicio de Transporte* comprenderá, sin que ello se entienda como limitación, todo acto, proceso, operación, trabajo o servicio que sea necesario o incidental o esté relacionado con la traslación o conducción de personas o cosas, desde un sitio a otro, por o en cualquier clase de vehículo de motor, incluyendo aquéllos que corran por rieles. No abarcará: (1) el transporte que se lleve a cabo por los gobiernos federal, insular o municipal, aunque sí incluirá el que se efectúe por o para sus compañías, corporaciones o autoridades creadas o controladas por dichos gobiernos para fines que no sean puramente gubernamentales; (2) el transporte de productos agrícolas de la finca al mercado y de abastos del mercado a la finca que realice cualquier agricultor en vehículo de su propiedad siempre que éste constituya su única unidad de transporte de carga y la utilice exclusivamente en relación con su finca; y (3) el que se realice por cualquier patrono en vehículos de su propiedad y bajo su administración para fines o en relación con su industria, negocio u ocupación si le fuera aplicable otro decreto mandatorio de esta Junta."

menor—rige cuando las ventas o traspasos de mercaderías o artículos a cambio de dinero, prestación o cosa de valor se originan, conciertan o consumen en algún establecimiento o en sitio cualquiera destinado total o *parcialmente* a esos fines.(²)

No podemos convenir con el apelante en que el Decreto Mandatorio núm. 8 sea el aplicable. La prueba en autos justifica las conclusiones de hecho a que llegó el tribunal inferior, en el sentido de que el obrero para cuyo beneficio se hizo la reclamación prestaba sus servicios en un almacén del querellado que se dedicaba *exclusivamente* a ventas al por mayor, ventas éstas que se hacían por el querellado a distintos comerciantes de Vieques que compraban en su almacén.

Es cierto que el querellado explotaba dos negocios pequeños de ventas al por menor en la misma isla de Vieques y que dichas tiendas se suplían del almacén del propio querellado, a las cuales conducía mercaderías el obrero reclamante. Pero esta última circunstancia no establece la condición necesaria para que se aplique el Decreto Mandatorio núm. 8, pues el querellado, al suplir sus tiendas de ventas al por menor de su propio almacén, se situaba consigo mismo

---

(²) El artículo A, inciso 1 de dicho Decreto Mandatorio núm. 8 dispone:

"*Definición del Negocio.*—El Negocio de ventas al por menor al cual se aplica este Decreto es el que se describe en la siguiente definición:

"El Negocio de Ventas al por Menor comprende, sin que ello se entienda en modo alguno como limitación, todo acto, proceso, operación, trabajo o servicio necesarios, incidentales o relacionados con las ventas al por menor, a traspasos directos a los consumidores, de cualquier clase de mercaderías o artículos a cambio de dinero, prestación o cosa de valor, cuando tales ventas o traspasos se originen, concierten o consumen en algún establecimiento o en sitio cualquiera destinado total o parcialmente a esos fines, o cuando se hagan fuera de dicho establecimiento o sitio a su nombre o para su beneficio. Quedan excluídos, sin embargo, los negocios, industrias, ocupaciones o ramo de los mismos que en el Decreto Núm. 6 de esta Junta aplicable a hoteles, restaurantes, cantinas y fuentes de soda (el cual no quedará menoscabado en forma alguna), son objeto de reglamentación o están exceptuados de su alcance."

en la misma posición en que estaban los otros comerciantes a quienes les vendía al por mayor, no constituyendo tales ventas traspasos directos a los consumidores, según lo requiere dicho Decreto núm. 8.

Estamos conformes con la conclusión del tribunal inferior de que el querellado tenía, durante el período a que se contrae la reclamación, un almacén de provisiones de ventas al por mayor y dos tiendas para ventas al por menor, una de éstas en la población y la otra en un campo de Vieques, o sea, dos negocios distintos: uno de ventas al por mayor del cual se suplían los detallistas a quienes les vendía sus mercaderías y artículos en la isla de Vieques y además suplía sus propias tiendas el querellado, y otro negocio al por menor que explotaba en dos sitios distintos de dicha isla. No era por lo tanto aplicable el Decreto Mandatorio núm. 8, y en consecuencia no cabe aplicar la cláusula de exclusión contenida al final del artículo I-A del Decreto Mandatorio núm. 12 que exime de sus propias disposiciones, entre otros, el servicio de transporte "que se realice por cualquier patrono en vehículos de su propiedad y bajo su administración para fines o en relación con su industria, negocio u ocupación si le fuera aplicable otro decreto mandatorio de esta Junta."

El apelante también sostiene que habiendo comenzado a regir el 1ro. de octubre de 1949 el Decreto Mandatorio núm. 16 de la Junta de Salario Mínimo para los empleados de comercio al por mayor, dicho decreto es aplicable al caso de autos, no obstante contraerse la reclamación al período de 7 de febrero de 1949 a 30 de abril del mismo año—y que por lo tanto el núm. 12 no rige—pues bajo la autoridad de nuestra decisión en *Rodríguez* v. *Fonalledas*, 72 D.P.R. 51, este Tribunal debe tomar conocimiento judicial de que en el mes de febrero de 1949 estaba por promulgarse el referido Decreto núm. 16. Tal contención del apelante no encuentra apoyo en el caso de *Rodríguez* v. *Fonalledas*, supra. En consecuen-

cia, no siendo aplicables los Decretos Mandatorios núms. 8 y 16, sí lo es el núm. 12 y no erró el tribunal inferior al así resolverlo.

 Al segundo error relativo a que la sentencia no está sostenida por la prueba no hemos de dar ulterior consideración. La prueba que tuvo ante·sí el tribunal inferior justifica sus conclusiones y no encontramos que haya incurrido en error manifiesto en su apreciación.

El tercer error sí fué cometido. De acuerdo con la sección 14 de la Ley núm. 10 de 14 de noviembre de 1917 ( (2) pág. 217), según quedó enmendada por la Ley núm. 17 de 11 de abril de 1945 (pág. 45), "Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio." No procede pues la condena de costas en esta clase de pleitos. *Correa* v. *Mario Mercado e Hijos*, ante, pág. 80.

*La sentencia será modificada eliminando la condena de costas y así modificada será confirmada.*