FERNANDO SIERRA BERDECÍA, SECRETARIO DEL TRABAJO DE PUERTO RICO, en representación y para beneficio del empleado DOMINGO MATOS TORRES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. JESÚS A. GONZÁLEZ, JUEZ, demandado.

Número 2132.
*Sometido:* 4 de abril de 1954. *Resuelto:* 11 de mayo de 1955.

*Joaquín Gallart Mendía y Manuel Janer Mendía,* abogados de la Secretaría del Trabajo y a su vez del peticionario; *Jorge M. Morales* y *Ramón L. Nevares,* abogados del interventor, demandado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Domingo Matos Torres, representado por el Secretario de Trabajo, instó querella ante el Tribunal de Distrito contra José E. Morales en reclamación de salarios. Celebrado el juicio en los méritos, el tribunal dictó sentencia a favor del querellante por la suma de $542, más una compensación igual por vía de penalidad. En apelación, el Tribunal Superior revocó la sentencia del Tribunal de Distrito. Expedimos auto de *certiorari* para revisar la sentencia del Tribunal Superior.

La única cuestión sustancial presentada es si el trabajo realizado por el querellante durante dos períodos en 1952–53 estaba cubierto por el Decreto Mandatorio de la Junta de Salario Mínimo núm. 1 o por el núm. 12.

Durante estos períodos, según las conclusiones de hechos del Tribunal de Distrito, el querellante era chófer de una camioneta comercial, en la cual transportaba y distribuía varios enseres agrícolas que el querellado proporcionaba en calidad de refacción a agricultores que le suministraban tabaco para su negocio de despalillado de tabaco. ([1]) Alega el querellado que las labores del querellante estaban cubiertas por la definición de Industria del Tabaco en Rama hallada en el Decreto Mandatorio núm. 1, que dice así:

"La preparación del tabaco en rama, incluyendo, pero sin que esto se entienda como una limitación, el recibo y pesado, estibado, clasificación o escogida, fermentación, despalillado, envasado o empacado, almacenaje, secado y *cualquier otra operación relacionada con la manipulación del tabaco en rama* antes de ser usado en la manufactura de cigarros, cigarrillos u otros productos derivados del tabaco." (Bastardillas nuestras.)

---

([1]) De los autos no aparece base alguna para la afirmación hallada en la "resolución" del Tribunal Superior al efecto de que el querellante realizaba estas labores *ocasionalmente*. El resumen de la prueba apoya las conclusiones de hechos del Tribunal de Distrito a este respecto. Además, no vemos fin práctico alguno en discutir la cuestión de si los enseres agrícolas suministrados por el querellado a los agricultores eran entregados en "depósitos" de aquél y no a los agricultores directamente.

Sostiene entonces el querellado que el trabajo del querellante estando cubierto por la parte en bastardillas arriba copiada de la definición de Industria del Tabaco en Rama, es el Decreto Mandatorio núm. 1 y no el núm. 12, el que se aplica al querellante, en vista de la disposición del Inciso A del art. I del Decreto Mandatorio núm. 12 al efecto de que el mismo no abarcará transporte ". . . por cualquier patrono en vehículos de su propiedad y bajo su administración para fines o en relación con su industria, negocio u ocupación si le fuera aplicable otro decreto mandatorio de esta Junta."

Por consiguiente, la cuestión medular ante nosotros es si el querellante, al transportar enseres agrícolas suministrados por el querellado como refacción a los agricultores, se dedicaba a una fase relacionada con la preparación de tabaco en rama, según se define en el Decreto Mandatorio núm. 1. Creemos que la contestación es obvia. Indudablemente, mediante la refacción agrícola el negocio del querellado de despalillado de tabaco se beneficiaba, toda vez que le aseguraba una cantidad de tabaco para dicho negocio. Pero nada tenía que ver con la preparación de tabaco en rama propiamente dicha. Era parte de—o quizás preliminar a—un proceso agrícola que no está cubierto por la definición hallada en el Decreto núm. 1. De esto surge que las labores del querellante no estaban exentas del decreto de transporte bajo los términos del Inciso A del art. I del mismo, y es el Decreto Mandatorio núm. 12 en vez del núm. 1, el aplicable a dichas labores durante los períodos en controversia. Véanse *Sierra, Comisionado* v. *Morales*, 72 D.P.R. 693; *Sierra, Comisionado* v. *Llamas*, 73 D.P.R. 908, 917. El caso de *Sierra, Sec. Trabajo* v. *Bird*, ante pág. 170, (1955), envolvía un problema enteramente distinto y no es de aplicación aquí.

*La sentencia del Tribunal Superior será revocada y se dictará nueva sentencia a favor del querellante por $542, más una suma igual como penalidad.*