EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Dr. Luis V. Class Fernández<br><br>Recurrido<br><br>v.<br><br>Metro Health Care Management System, Inc.<br><br>Peticionario | Certiorari<br><br>2024 TSPR 63<br><br>213 DPR ___ |

Número del Caso: CC-2021-0860

Fecha: 17 de junio de 2024

Tribunal de Apelaciones:

    Panel I

Representantes legales de la parte peticionaria:

    Lcda. María Elisa Echenique Arana
    Lcdo. José R. González Nogueras

Representantes legales de la parte recurrida:

    Lcdo. Enrique J. Mendoza Méndez
    Lcdo. Enrique J. Mendoza Sánchez

Materia: Procedimiento Civil y Derecho Laboral – Improcedencia de la imposición de costas en una querella presentada al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dr. Luis V. Class Fernández

     Recurrido

          v.                  CC-2021-860      Certiorari

Metro Health Care Management
System, Inc.

     Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 17 de junio de 2024.

En esta ocasión, nos corresponde responder si en una querella presentada al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2), 32 LPRA secs. 3118 *et seq.*, procede la imposición de las costas a favor de la parte vencedora conforme a lo establecido en la Regla 44.1 de Procedimiento Civil, *infra*.

Adelantamos que, de conformidad con lo establecido en la Sección 15 de la Ley Núm. 2, *infra*, no procede la concesión de costas.

I

El 11 de diciembre de 2019, el Dr. Luis V. Class Fernández (doctor Class Fernández o recurrido) presentó una *Querella* en contra de Metro Healthcare Management Systems, Inc. h/n/c Metro Pavía Clinic (patrono o Metro Healthcare) al amparo del procedimiento sumario establecido por la Ley Núm. 2 en la que sostuvo que fue despedido sin justa causa y solicitó varios remedios conforme a lo establecido en la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la *Ley sobre Despidos Injustificados* (Ley Núm. 80), 29 LPRA secs. 185a *et seq*.[1]

Por su parte, el 19 de diciembre de 2019, el patrono presentó su *Contestación a querella* en la que negó las alegaciones presentadas y alegó que el recurrido fue despedido por justa causa. En resumen, señaló que el doctor Class Fernández violó de forma reiterada las normas, reglas, políticas y procedimientos de la empresa e incurrió en insubordinación y conducta impropia que afectó los intereses del patrono.[2]

Tras varios trámites procesales que incluyeron la presentación de los siguientes documentos: *Moción de sentencia sumaria*,[3] *Oposición a moción de sentencia sumaria*,[4]

---

[1] *Querella*, Apéndice de *Petición de Certiorari*, págs. 1-5.

[2] *Contestación a querella*, Apéndice de *Petición de Certiorari*, págs. 6-12.

[3] *Moción de sentencia sumaria*, Apéndice de *Petición de Certiorari*, págs. 170-195.

[4] *Oposición a moción de sentencia sumaria*, Apéndice de *Petición de Certiorari*, págs. 291-302.

*Réplica a oposición a moción de sentencia sumaria*[5] y una *Moción suplementaria*,[6] el Tribunal de Primera Instancia emitió una *Sentencia* en la que concluyó que el despido del recurrido fue injustificado. Así, el 5 de octubre de 2021, el foro primario declaró "*No Ha Lugar*" la *Moción de sentencia sumaria* que presentó Metro Healthcare y "*Ha Lugar*" la *Oposición a moción de sentencia sumaria* que presentó el recurrido. Conforme a ello, impuso a Metro Healthcare el pago de $49,000 al recurrido en concepto de mesada, entre otras cuantías que fueron reclamadas en la *Querella*.[7]

En lo pertinente a la controversia ante nos, el 8 de octubre de 2021, el recurrido presentó un *Memorial de costas* en el que reclamó los gastos incurridos en la transcripción de la deposición tomada a Metro Healthcare por la cantidad de $344.25. Explicó que la transcripción fue necesaria para la tramitación del caso.[8] En esa misma fecha, el foro primario emitió una orden en la que denegó las costas solicitadas por el doctor Class Fernández al determinar que "[h]abiéndose presentado el caso bajo el procedimiento sumario establecido en la Ley 2 de 17 de octubre de 1961, según enmendada, no proceden las costas. Refiérase a la Sección 15 de la Ley, 32 LPRA sec. 3132".[9]

---

[5] *Réplica a oposición a moción de sentencia sumaria*, Apéndice de *Petición de Certiorari*, págs. 369-393.

[6] *Moción suplementaria*, Apéndice de *Petición de Certiorari*, págs. 399-408.

[7] *Sentencia*, Apéndice de *Petición de Certiorari*, págs. 13-47.

[8] *Memorial de Costas*, Apéndice de *Petición de Certiorari*, págs. 48-51.

[9] Apéndice de *Petición de Certiorari*, pág. 52.

Inconforme, el 12 de octubre de 2021, el doctor Class Fernández recurrió al Tribunal de Apelaciones mediante un recurso de *Certiorari* en el que puntualizó que "[e]rró el [Tribunal de Primera Instancia] al denegar el Memorial de Costas".[10] De entrada, alegó que este Tribunal en *Sierra, Comisionado del Trabajo v. Morales*, 72 DPR 693, 698 (1951) y *Correa v. Mario Mercado e Hijos*, 72 DPR 80, 89 (1951) resolvió que las costas no procedían en casos bajo la Ley Núm. 2. Sin embargo, argumentó que, posteriormente, este Tribunal en *Valentín v. Housing Promoters Inc.*, 146 DPR 712, 718 (1998), aclaró que la Sección 15 de la Ley Núm. 2, *infra*, no le confisca al empleado su derecho a recobrar las costas al eximirle del pago de derechos y cancelación de sellos para la tramitación de la acción ante el Tribunal. Asimismo, planteó que si lo resuelto por este Tribunal en *Valentín v. Housing Promoters Inc.*, *supra*, se limitaba al pago de derechos y sellos al Tribunal sin incluir las costas, se debía proceder con la aplicación de lo establecido en la Regla 44.1 de Procedimiento Civil, *infra*, sobre la concesión de costas a favor de la parte victoriosa. Sostuvo que desplazar al patrono del pago de costas no atentaba en contra de la finalidad de la Ley Núm. 2, ya que la ley también condena al patrono al pago de honorarios de abogado. En consonancia con lo anterior, aseveró que la condena de costas es procedente, ya que la

---

[10] *Certiorari*, Apéndice de *Petición de Certiorari*, pág. 59. Advertimos que, el 14 de octubre de 2021, Metro Healthcare presentó un recurso de *Apelación* ante el Tribunal de Apelaciones en el que impugnó la determinación sobre los méritos de la Sentencia Sumaria del Tribunal de Primer Instancia (KLAN202100818). Sin embargo, el foro apelativo intermedio confirmó al foro primario y posteriormente, este Tribunal denegó un recurso de *Apelación* presentado (AC-2022-0045).

Sección 15 de la Ley Núm. 2, *infra*, exige al patrono el pago de honorarios de abogado.

Por otro lado, razonó que las costas como la transcripción de una deposición no pueden ser satisfechas de oficio contrario a los derechos en el Tribunal. Ello, porque el taquígrafo no viene llamado a ofrecer gratuitamente sus servicios al empleado. Así, fundamentó que la interpretación del Tribunal de Primera Instancia al negar el derecho a las costas del empleado es contraria a la Ley Núm. 2. Además, esgrimió que si el empleado interesa recobrar sus costas al prevalecer en su reclamación judicial deberá renunciar al procedimiento sumario y optar por el procedimiento ordinario. Como resultado, el recurrido solicitó la revocación de la *Resolución* del foro primario y la concesión de las costas del litigio a su favor.

El 30 de noviembre de 2021,[11] el Tribunal de Apelaciones emitió una *Sentencia* mediante la cual revocó la orden del foro primario. Razonó que lo establecido en la Ley Núm. 2 "únicamente tiene el efecto de eximir del pago de derechos [para la tramitación de la acción] o sellos, que en trámites ordinarios las partes deben satisfacer".[12] Además, explicó que el efecto de que la Ley Núm. 2 establezca que las costas "serán satisfechas de oficio", no es eliminar el derecho que tiene un querellante que prevalece en un proceso bajo dicho

---

[11] La *Sentencia* del Tribunal de Apelaciones fue notificada el 1 de diciembre de 2021.

[12] *Sentencia* del Tribunal de Apelaciones, Apéndice de *Petición de Certiorari*, pág. 451.

estatuto a obtener el reembolso de las costas incurridas de la parte querellada.

Tras fundamentar que las Reglas de Procedimiento Civil son aplicables a procedimientos de la Ley Núm. 2 siempre que no estén en conflicto con la ley ni con el carácter sumario del procedimiento, determinó que "[n]ada en el texto pertinente pretende modificar, o siquiera incide sobre, la regla general que permite a un querellante que prevalece recobrar, bajo la Regla 44.1 de Procedimiento Civil, *supra*, las costas en que incurra".[13] Así, concluyó que aplicaba lo establecido en la Regla 44.1 de Procedimiento Civil, *infra*, y procedía el pago de las costas reclamado por el recurrido como la parte vencedora en el pleito.

Conforme a lo anterior, el Tribunal de Apelaciones puntualizó lo siguiente:

> El Tribunal de Primera Instancia erróneamente extendió lo relacionado con una exención del pago de los derechos por la presentación de una acción a una prohibición de cobro por la parte querellante de las costas incurridas necesariamente por dicha parte en el trámite de dicha acción, lo cual, además de no surgir del texto estatutario pertinente, resulta contrario a la intención legislativa, y fuerte política pública, de proteger la totalidad de la compensación del empleado.[14]

Por tanto, concluyó que el foro primario debía determinar "las costas que el patrono perdidoso debía pagar, en el ejercicio de la amplia discreción que nuestro ordenamiento le confiere a esos efectos".[15] Ello, tras evaluar

---

[13] Íd.

[14] Íd., págs. 452-453.

[15] Íd.

bajo los criterios de la Regla 44.1 de Procedimiento Civil, *infra*, si procede la solicitud de costas presentada por la parte querellante.[16]

En desacuerdo, el 21 de diciembre de 2021, Metro Healthcare presentó el recurso de autos con los siguientes señalamientos de error:

> El Honorable [Tribunal de Apelaciones] cometió grave error manifiesto de derecho al resolver que bajo la Ley 2 procede el pago de las costas reclamadas por el querellante-recurrido.
>
> El Honorable [Tribunal de Apelaciones] abusó de su discreción al dictar una Sentencia sobre la procedencia del reembolso de las costas al querellante-recurrido por la misma ser prematura toda vez que ante dicho Foro Judicial se encuentra presentada la Apelación de [Metro Healthcare] para la revocación de la Sentencia sumaria del [Tribunal de Primera Instancia] que, de declararse Ha Lugar, afectaría el resultado alcanzado por el [Tribunal de Apelaciones] en el dictamen aquí recurrido y haría innecesario que se considerara la procedencia de las costas a la luz de la Ley 2.

Por su parte, el doctor Class Fernández presentó su *Alegato en apoyo de confirmación de dictamen del Tribunal de Apelaciones*. En resumen, reiteró los argumentos presentados ante el Tribunal de Apelaciones y solicitó la confirmación de

---

[16] Por su parte, el Juez Candelaria Rosa emitió un Voto Disidente en el que tras considerar el contenido de la Sección 15 de la Ley Núm. 2, *infra*, el significado del término "de oficio" presentado en el Diccionario de la Real Academia Española y lo resuelto por este Tribunal en De Soto v. Clínica Industrial, 70 DPR 850 (1950), -al analizar la misma disposición contenida en la Ley Núm. 10 de 14 de noviembre de 1917, precursora de la Ley Núm. 2-, determinó que:

> En la medida en que la Ley Núm. 2 es clara al establecer que las partes no están sujetas al pago de costas cuando el caso se tramitó al amparo del procedimiento sumario y que esta no distingue si la parte perdidosa se trata del patrono o del obrero, la orden emitida por el foro primario no constituyó un abuso de discreción ni un error en la aplicación del derecho. Íd., pág. 456.

la determinación del foro apelativo intermedio para la concesión de las costas al empleado.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II

### A. Ley Núm. 2 de 17 de octubre de 1961

Hemos reafirmado en múltiples ocasiones que el carácter especial y la naturaleza sumaria del procedimiento que provee la Ley Núm. 2 constituye una característica esencial que las partes y los tribunales deben respetar y evitar desvirtuar.[17] Cónsono con la finalidad de esta legislación, ciertos términos y condiciones que, de ordinario, rigen la litigación civil en nuestro ordenamiento jurídico procesal han sido alterados.[18]

De conformidad con lo anterior, la Sección 3 de la Ley Núm. 2,[19] dictamina que las Reglas de Procedimiento Civil serán aplicables a esta clase de pleitos, cuando no sean contrarias a alguna disposición específica del procedimiento, ni atenten contra su naturaleza sumaria.[20] Así, al momento de resolver si un trámite ordinario de las Reglas de Procedimiento Civil aplica o no al procedimiento especial, es

---

[17] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 929 (2008); *Lucero v. San Juan Star*, 159 DPR 494, 505 (2003); *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 493 (1999).

[18] *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, 347 (2021).

[19] 32 LPRA sec. 3120.

[20] *Ruiz Camilo v. Trafon Group, Inc.*, *supra*, pág. 271; *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 44 (2006).

necesario determinar si la regla resulta ser "conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento".[21] Por tanto, serán aplicables supletoriamente en los pleitos tramitados al amparo del procedimiento sumario "en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento".[22] De este modo, la Asamblea Legislativa pretendió asegurar que a través de ningún mecanismo pudiera desvirtuarse la naturaleza sumaria que permea el trámite establecido en la Ley Núm. 2.[23]

De otra parte, y en lo relacionado a la controversia de autos, la Sección 15 de la Ley Núm. 2, establece que:

> **Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio.**
>
> En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere presentada por abogado particular, se condenará al querellado al pago de honorarios de abogado. (Negrilla suplida).[24]

## B. Ley Núm. 10 de 14 de noviembre de 1917

A través de la implementación de la Ley Núm. 2, quedó establecido que buscaba un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados y derogar la Ley Núm. 10 de

---

[21] *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 435-436 (2022) (citando a *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 321 (1975)).

[22] 32 LPRA sec. 3120.

[23] *Ruiz Camilo v. Trafon Group, Inc.*, *supra*, pág. 271.

[24] 32 LPRA sec. 3132.

14 de noviembre de 1917.[25] Así, la Asamblea Legislativa reformuló las disposiciones de la Ley Núm. 10 de 14 de noviembre de 1917, 32 LPRA ant. sec. 3101 *et seq*. En síntesis, la ley anterior proveía para que los trabajadores agrícolas reclamaran en contra de su patrono cualquier reclamación salarial por medio de un procedimiento expedito, eficaz y favorable para el trabajador. De esta forma, se presentó la concepción de un procedimiento sumario para reclamaciones laborales.

Inicialmente, la Ley Núm. 10 de 14 de noviembre de 1917 establecía en la Sección 14 que "[t]odas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio".[26] Posteriormente, la Ley Núm. 17 de 11 de abril de 1945 enmendó la ley para reconocer los honorarios de abogado al reclamante victorioso en casos bajo el procedimiento provisto por la referida sección de la Ley Núm. 10 de 14 de noviembre de 1917. Específicamente, la Sección 14 de Ley Núm. 10 de 14 de noviembre de 1917, según enmendada, 32 LPRA ant. sec. 3113, como disposición antecesora de la Sección 15 de la Ley Núm. 2, *supra*, establecía lo siguiente:

> Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio.
>
> En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará al querellado al pago de honorarios de abogado.[27]

---

[25] P. del S. 194 de 24 de agosto de 1961, 3era Sesión Extraordinaria, pág. 155.

[26] 32 LPRA ant. sec. 3113.

[27] Cabe resaltar que el texto de la Sección 14 de la Ley Núm. 10 de 14 de noviembre de 1917, *supra*, es idéntico al texto de la Sección 15 de la Ley Núm. 2 de 17 de octubre de 1961, *supra*.

Al interpretar la mencionada disposición de la Ley Núm. 10 de 14 de noviembre de 1917, en lo atinente a las costas, este Tribunal ha establecido su improcedencia en este tipo de procesos judiciales.[28] Específicamente, *De Soto v. Clínica Industrial, Inc.*, 70 DPR 850 (1950), se trataba de una reclamación de salarios tramitada bajo las disposiciones de la Ley Núm. 10 de 14 de noviembre de 1917. Así, tras presentar el escrito de apelación, la demandada apelante no canceló el sello forense de un dólar adoptado por el Colegio de Abogados, por lo que los apelados solicitaron la desestimación.

En lo pertinente, este Tribunal declaró sin lugar la desestimación y expresó lo siguiente:

> La sección 14 de la Ley Núm. 10 de 1917, según enmendada por la Ley Núm. 17 de 1945, en su primer párrafo, tanto en el texto original como en el enmendado, al proveer que 'Todas las costas que se devengaren en esta clase de pleitos serán satisfechas de oficio', **no hace distinción alguna entre obrero y patrono. Ambos están exentos del pago de costas. Cuando la Asamblea Legislativa quiso imponer un deber adicional al patrono lo hizo expresamente por la enmienda a dicha sección 14 en el año 1945, al disponer en un segundo párrafo que 'En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará al querellado al pago de honorarios de abogado'. La exención en cuanto al pago de costas fue absoluta, no así la condena sobre pago de honorarios de abogado.** (Negrilla suplida).[29]

---

[28] *Sierra, Comisionado del Trabajo v. Morales*, 72 DPR 693, 698 (1951); *Correa v. Mario Mercado e Hijos*, 72 DPR 80, 89 (1951); *De Soto v. Clínica Industrial, Inc.*, 70 DPR 850, 854 (1950). Advertimos que los precedentes mencionados fueron resueltos de conformidad con lo establecido en la Sección 14 de Ley Núm. 10 de 14 de noviembre de 1917, *supra*, disposición antecesora de la Sección 15 de la Ley Núm. 2 de 17 de octubre de 1961, *supra*.

[29] *De Soto v. Clínica Industrial, Inc.*, *supra*.

Asimismo, a tono con lo anterior, puntualizamos que las alegaciones al amparo del procedimiento sumario no cancelan sellos de rentas internas ni de otra índole.[30]

**C. Costas**

En nuestro ordenamiento, la concesión de costas está regulada por la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, que dispone lo siguiente:

> (a) Su concesión. **Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas.** Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
>
> (b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento […]. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso. (Negrilla suplida).

Esta norma procesal tiene dos propósitos, a saber: restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar y servir como disuasivo para la litigación inmeritoria, temeraria, o viciosa que se lleva a cabo con el propósito de retrasar la justicia.[31]

---

[30] *Valentín v. Housing Promoters, Inc.*, 146 DPR 712, 718 (1998).

[31] *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 212 (2017); *Auto Servi, Inc. v. ELA*, 142 DPR 321, 327 (1997); *J.T.P. Development Corp. v.*

La Regla 44.1 (b) de Procedimiento Civil, *supra*, establece que la parte prevaleciente tendrá un término de 10 días desde la notificación de la sentencia para presentar y notificar "a las demás partes un memorando de costas —juramentado o certificado por su representante legal— con todas las partidas de gastos y desembolsos incurridos que a su entender son correctas y fueron necesarias para la tramitación del pleito".[32] Además, en reiteradas ocasiones hemos reconocido que el término de diez días que tiene la parte prevaleciente para presentar el memorando de costas es un término jurisdiccional.[33] Por lo cual, el foro primario carece de facultad para prorrogarlo y extenderlo.[34]

De esta forma, ante la oportuna presentación de un memorando de costas juramentado, el tribunal tendrá que determinar: cuál fue la parte que prevaleció en el pleito, y cuáles de los gastos en los que esta incurrió fueron necesarios y razonables.[35] Una determinación que descansa en la discreción al momento de evaluar la razonabilidad y determinar la necesidad de los gastos detallados.[36]

---

*Majestic Realty Corp.*, 130 DPR 456, 460 (1992); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 253 (1963).

[32] *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc.*, 205 DPR 502, 528 (2020) (citando a *J.T.P. Development Corp. v. Majestic Realty Corp.*, *supra*, pág. 461).

[33] *Rosario Domínguez et als. v. ELA et al.*, *supra*, pág. 213; *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 187 (2008); *Comisionado v. Presidenta*, 166 DPR 513, 518 (2005).

[34] *Rosario Domínguez et als. v. ELA et al.*, *supra*; J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 1ra ed., San Juan, Pubs. JTS, 2000, T. IV, págs. 1270 y 1297.

[35] *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc.*, *supra*, pág. 529 (citando a *J.T.P. Development Corp. v. Majestic Realty Corp.*, *supra*, pág. 461).

Cónsono con lo anterior, hemos resuelto que no todos los gastos del litigio son recobrables como costas.[37] Por consiguiente, sólo son recobrables aquellos **gastos necesarios y razonables** para la tramitación del pleito, procedimiento o apelación que un litigante debe reembolsar a otro.[38] A modo de ejemplo, este Tribunal ha determinado que los siguientes gastos son recobrables: sellos de radicación de las alegaciones, sellos cancelados en las mociones, gastos de emplazamiento, sellos cancelados para efectuar embargos, **transcripción de evidencia, deposiciones**, entre otros.[39]

Por el contrario, como excepción, no serán recobrables los gastos ordinarios de oficina de los abogados de las partes.[40] Así, en lo pertinente a las transcripciones y deposiciones, reiteramos que:

> Tampoco son incluibles como costas, los gastos de transcripciones de récords de vistas cuando tales transcripciones se solicitan por ser convenientes, pero no necesarias, para los reclamantes […] [y, además, e]l gasto incurrido en obtener deposiciones es recobrable si son necesarias, aunque no se usen en las vistas del caso […].[41]

---

[36] *Maderas Tratadas v. Sun Alliance*, 185 DPR 880, 935 (2012); *Auto Servi, Inc. v. ELA*, *supra*, pág. 326.

[37] *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público Privadas*, 2023 TSPR 121, pág. 13, 203 DPR __ (2023); *J.T.P. Development Corp. v. Majestic Realty Corp.*, *supra*, pág. 460.

[38] *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público Privadas*, 2023 TSPR 121, *supra*; *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc.*, *supra*, págs. 527.

[39] J.A. Echevarría Vargas, Procedimiento civil puertorriqueño, 1ra ed. rev., Colombia, [s. Ed.], 2012, pág. 276.

[40] *Andino Nieves v. AAA*, 123 DPR 712, 716 (1989).

[41] *Pereira v. IBEC*, 95 DPR 28, 78 (1967). Véase, también, Cuevas Segarra, *op. cit.*, pág. 1290.

La Regla 44.1 (b) de Procedimiento Civil, *supra*, dispone que la resolución emitida por el foro primario a esos efectos podrá ser revisada por el Tribunal de Apelaciones a través del recurso de *certiorari.* En cuanto al procedimiento de revisión, establece que "[d]e haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso" como una medida que responde a promover la economía procesal.[42]

Después de todo, al aplicar la normativa expresada sobre la controversia relacionada con la Ley Núm. 2, no debemos perder de perspectiva lo siguiente:

> La Regla 44.1 nos expresa que las costas le serán concedidas a la parte a cuyo favor se resuelve el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se disponga lo contrario por ley o por las Reglas de Procedimiento Civil. **De esa forma se establece que solo se puede eximir de la imposición de costas en aquellos casos en los cuales así se disponga en una ley especial** o en las Reglas de Procedimiento Civil. (Negrilla suplida).[43]

### D. Interpretación de la ley

"La jurisprudencia de este Tribunal que declara o interpreta la ley es necesaria para orientar a los juristas, jueces y a la ciudadanía".[44] Por ello, al momento de ejercer nuestra función interpretativa, como foro de última instancia, debemos resolver las controversias entre las

---

[42] Echevarría Vargas, *op. cit.*, págs. 277-278.

[43] Íd., pág. 276.

[44] *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas*, 2023 TSPR 121, pág. 4, 203 DPR __ (2023); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1987, Vol. I, pág. 199.

partes y ser fuente gestadora de pautas legales que la norma estatutaria no ha esclarecido.[45]

En nuestro ordenamiento jurídico, el proceso de interpretar las leyes recibe el nombre de hermenéutica legal y consiste en auscultar, precisar y determinar cuál era la voluntad legislativa al aprobar la ley.[46] Así, señalamos que se han instaurado una serie de normas como parte de hermenéutica legal que en mayor o menor medida se imponen como principios rectores del ejercicio de nuestra función adjudicativa.[47]

Cónsono con lo anterior, en el descargo de nuestra función revisora, debemos tener presente las normas de interpretación de las leyes que requieren que los tribunales consideren los propósitos perseguidos por la Asamblea Legislativa al aprobar el estatuto, de manera que éste se ajuste a la política pública que lo inspira.[48] Sin embargo, aun cuando tenemos la facultad para interpretar la ley en busca de un sentido armonioso, el lenguaje claro y explícito de ésta no debe ser tergiversado, malinterpretado ni sustituido.[49]

---

[45] Íd.

[46] *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 738 (2012); Bernier y Cuevas Segarra, *op. cit.,* pág. 241.

[47] *Rosado Molina v. ELA*, 195 DPR 581, 589 (2016); *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 126 (2012).

[48] *Morales v. Marengo*, 181 DPR 852, 858 (2011); *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 862 (2010).

[49] *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas*, 2023 TSPR 121, pág. 5, 203 DPR __ (2023); *San Gerónimo Caribe Project v. Registradora*, 189 DPR 849, 866 (2013).

Es por tal razón que, en primer lugar, como principio cardinal de hermenéutica, se debe acudir al texto de la ley, ya que, si el lenguaje es claro y libre de toda ambigüedad, "su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu".[50] Conforme a ello, hemos indicado que cuando el lenguaje de una ley es claro e inequívoco, el propio texto del estatuto es la expresión por excelencia de la intención legislativa.[51] Por lo tanto, "no se debe buscar más allá del texto de la ley para encontrar la verdadera voluntad del legislador, sino que se debe descubrir y dar efecto a la intención expresada en la letra del estatuto".[52]

En otras palabras, no hay necesidad de recurrir al subterfugio de indagar más allá de la ley para cumplir con su propósito legislativo si el texto de la ley es claro.[53] Ahora bien, el análisis hermenéutico debe evitar la aplicación literal de la ley si esto tiene consecuencias absurdas, ya que la interpretación debe ser razonable y consecuente con el propósito legislativo.[54]

---

[50] Art. 19, Código Civil de PR, 31 LPRA sec. 5341. Véanse, también: *FCPR v. ELA et al.*, 2023 TSPR 26, pág. 20, 211 DPR __ (2023); *Martajeva v. Ferré Morris*, 210 DPR 612, 626 (2022). Véase, también, J. M. Farinacci Fernós, Hermenéutica Puertorriqueña: Cánones de Interpretación Jurídica, San Juan, Editorial InterJuris, (2019), págs. 69-74.

[51] *Cordero v. ARPe*, 187 DPR 445, 456 (2012); *Ortiz v. Municipio San Juan*, 167 DPR 609, 617 (2006); *BBC Realty v. Secretario Hacienda*, 166 DPR 498, 507-508 (2005).

[52] *Morales v. Marengo*, *supra*, págs. 858-859; *Romero Barceló v. ELA*, 169 DPR 460, 477 (2006).

[53] *San Gerónimo Caribe Project v. Registradora*, *supra*, pág. 866; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 938 (2010).

[54] *Consejo de Titulares del Condominio Balcones de San Juan v. MAPFRE Praico Incurance Company*, 208 DPR 761, 784 (2022).

Claro está, si surge alguna ambigüedad con el texto del estatuto, el tribunal debe asegurar el cumplimiento con los propósitos legislativos.[55] En este contexto, la fuente que se ha de consultar para descifrar la verdadera intención del legislador es el historial legislativo del estatuto en cuestión, incluyendo la exposición de motivos de la ley, los informes rendidos por las comisiones de las cámaras y los debates celebrados en el hemiciclo.[56]

Como parte del ejercicio de hermenéutica, también debemos tener presente que las leyes no deben ser interpretadas tomando aisladamente algunas de sus secciones, párrafos u oraciones, sino que deben serlo tomando en consideración todo su contexto.[57]

A la luz del cuadro jurídico presentado, procedemos a resolver la controversia ante nuestra consideración.

## III

En resumen, Metro Healthcare plantea que el Tribunal de Apelaciones erró al resolver que procedía el reembolso de las costas a favor del recurrido -la parte vencedora- en el caso de una querella presentada al amparo de la Ley Núm. 2. Expone que el texto establecido en la Sección 15 de la Ley Núm. 2, *supra*, posee un lenguaje claro y libre de toda ambigüedad en el que se establece que la obligación de una parte perdidosa será el pago de los honorarios de abogado y

---

[55] *Morales v. Marengo*, *supra*, págs. 859 (citando a SLG Rivera-Carrasquillo v. A.A.A., 177 DPR 333 (2009)).

[56] *Ortiz v. Municipio San Juan*, *supra*; *Vicenti v. Saldaña*, 157 DPR 37, 48 (2002). Bernier y Cuevas Segarra, *op. cit.*, pág. 243.

[57] *Morales v. Marengo*, supra; *González Hernández v. González Hernández*, 181 DPR 746, 764 (2011).

no las costas. Conforme a ello, explica que el texto establecido en la Regla 44.1 de Procedimiento Civil, *supra*, claramente es contradictorio a la Sección 15 de la Ley Núm. 2, *supra*, que, a su vez, prevalece por ser una ley de carácter especial ante un estatuto general. Asimismo, asevera que la determinación del foro apelativo intermedio es contraria a los precedentes establecidos por este Tribunal en los que no se avala el reembolso de las costas incurridas en los procesos judiciales al amparo de la Ley Núm. 2.[58] Adelantamos que le asiste la razón a Metro Healthcare.

En cuanto al trasfondo fáctico pertinente, recordemos que la querella presentada por el doctor Class Fernández se hizo conforme al procedimiento sumario establecido en la Ley Núm. 2. Tras varios trámites procesales, el foro primario dictó una *Sentencia* el **5 de octubre de 2021** que concluyó que el despido fue injustificado y declaró "Ha Lugar" la *Oposición a moción de sentencia sumaria* presentada por el recurrido. Luego, el **8 de octubre de 2021**, el recurrido presentó un *Memorial de costas* para reclamar los gastos incurridos en la transcripción de una deposición siendo la parte vencedora. Ese mismo día, el foro primario denegó la solicitud

---

[58] En el segundo señalamiento de error, Metro Healthcare trajo a la atención de este Tribunal la posibilidad de que este recurso relacionado con las costas resultara ser prematuro. No obstante, este planteamiento se tornó académico con la confirmación de la determinación del foro primario sobre los méritos del despido injustificado que realizó el Tribunal de Apelaciones (KLAN202100810) y este Tribunal al denegar el recurso de *Apelación* presentado (AC-2022-0045).

Por otro lado, conforme a lo resuelto por este Tribunal en este caso, la exención de costas en estos procesos judiciales establecida en la Sección 15 de la Ley Núm. 2, *supra*, es absoluta para todas las partes. Por ello, la determinación recurrida sobre las costas (KLCE202101235) no depende del resultado del recurso de *Apelación* que presentó Metro Healthcare sobre los méritos del despido injustificado (KLAN202100810).

fundamentado en que no proceden las costas al aplicar la Sección 15 de la Ley Núm. 2, *supra*.

Inconforme, el **12 de octubre de 2021**, el doctor Class Fernández recurrió al Tribunal de Apelaciones que revocó al foro primario y le ordenó evaluar la concesión de costas a favor del recurrido al aplicar la Regla 44.1 de Procedimiento Civil, *supra*. **Por tanto, debemos preguntarnos si ¿Procedía que el Tribunal de Apelaciones acogiera la solicitud del doctor Class Fernández al amparo de la Regla 44.1 de Procedimiento Civil, *supra*, para otorgar las costas por ser la parte vencedora? Para responder la interrogante, nos corresponde interpretar la Sección 15 de la Ley Núm. 2, *supra*.**

Como sabemos, existe un principio fundamental de hermenéutica dirigido a establecer que el primer paso al interpretar un estatuto es remitirse al texto de la ley, ya que se considera como la expresión por excelencia de la intención legislativa cuando el legislador se ha expresado en un lenguaje claro e inequívoco.[59] Por tanto, "cuando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir con su espíritu".[60] Ello, nos lleva a interpretar la letra expresa de la ley para dar efecto a la intención a través de su significado.

En cuanto a lo anterior, la Sección 15 de la Ley Núm. 2, dispone que:

---

[59] *Cordero v. ARPe*, *supra*; *Ortiz v. Municipio San Juan*, *supra*; *BBC Realty v. Secretario Hacienda*, *supra*.

[60] Art. 19, Código Civil de PR, 31 LPRA sec. 5341.

> **Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio.**
>
> En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere presentada por abogado particular, se condenará al querellado al pago de honorarios de abogado. (Negrilla suplida).[61]

De entrada, resaltamos el carácter absoluto de la palabra "todas" que limita la distinción entre patrono y obrero de manera específica e inequívoca contrario a lo que expresó el legislador sobre los honorarios de abogado en la misma sección. Asimismo, en cuanto al significado, el Diccionario de la Real Academia Española dispone que el término "de oficio" es: "Dicho de unas costas: Que, según lo sentenciado, no deben ser pagadas por nadie".[62]

Por otro lado, debemos considerar los precedentes discutidos en el segundo acápite de esta Opinión, que interpretaron la Sección 14 de la Ley Núm. 10 del 14 de noviembre de 1917, según enmendada por la Ley Núm. 17 de 1945 -disposición antecesora de la Sección 15 de la Ley Núm. 2, *supra* -, y concluyeron que no procedía la imposición de costas a ninguna de las partes en estos pleitos.[63] Particularmente, en el caso *De Soto v. Clínica Industrial*, *Inc.*, *supra*, al interpretar la referida sección determinamos que contrario al pago de honorarios de abogado, la exención al pago de costas fue absoluta y explicamos que:

---

[61] 32 LPRA sec. 3132.

[62] Real Academia Española, *Diccionario de la lengua española* 23.ª ed., https://dle.rae.es/oficio?m=form#7i553QS (última visita, 31 de marzo de 2024).

[63] *Sierra, Comisionado del Trabajo v. Morales*, *supra*; *Correa v. Mario Mercado e Hijos*, *supra*.

> **Cuando la Asamblea Legislativa quiso imponer un deber adicional al patrono lo hizo expresamente por la enmienda a dicha sección 14 en el año 1945, al disponer en un segundo párrafo que** 'En todos los casos en que se dictare sentencia en favor de la parte querellante, si ésta compareciere representada por abogado particular, se condenará al querellado al pago de honorarios de abogado'. (Negrilla suplida).[64]

Claramente, el razonamiento realizado por este Tribunal en el precedente mencionado no avala el curso de acción del Tribunal de Apelaciones en el caso ante nos. Como mencionamos, en este caso el Tribunal de Apelaciones resolvió que procedía la concesión de las costas a la parte victoriosa en el pleito tramitado por el procedimiento sumario de la Ley Núm. 2. Sin embargo, conforme a lo anterior, determinamos que lo correspondiente era denegar el *Memorial de costas*, como efectivamente hizo el Tribunal de Primera Instancia según lo establecido en el texto claro de la Sección 15 de la Ley Núm. 2, *supra*, y en la jurisprudencia interpretativa discutida, en especial en *De Soto v. Clínica Industrial, Inc.*, 70 DPR 850 (1950). Ello, contrario a la aplicación de la Regla 44.1 de Procedimiento Civil, *supra*, que ordenó el Tribunal de Apelaciones.

De esta forma, por tratarse la Ley Núm. 2 de una ley especial, prevalece lo establecido con especificidad en la Sección 15 de la Ley Núm. 2, *supra*, sobre la no imposición de costas al ser satisfechas de oficio en lugar de la Regla 44.1 de Procedimiento Civil, *supra*, como estatuto general. Así, cónsono con lo dispuesto en la Sección 3 de la Ley Núm. 2,

---

[64] *De Soto v. Clínica Industrial, Inc.*, *supra*.

*supra*, resolvemos que no procede la aplicación de la Regla 44.1 de Procedimiento Civil, *supra*, por estar en conflicto con una disposición específica de la ley.

En consecuencia, el Tribunal de Apelaciones erró al revocar la determinación del Tribunal de Primera Instancia y ordenar la devolución del caso para la aplicación de la Regla 44.1 de Procedimiento Civil, *supra*. Por tanto, revocamos la Sentencia emitida por el Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dr. Luis V. Class Fernández

     Recurrido

      v.                  CC-2021-860     Certiorari

Metro Health Care Management
System, Inc.

     Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 17 de junio de 2024.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la Sentencia emitida por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo