Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ENRIQUE LÓPEZ LÓPEZ<br><br>Apelada<br><br>v.<br><br>ABLE SALES COMPANY<br><br>Apelante | KLAN202500349 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80) y otros<br><br>Caso Núm.<br>CT2023CV000158 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos, la parte apelante, Able Sales Company, Inc., solicitando que dejemos sin efecto la *Resolución* emitida el 23 de marzo de 2025 por el Tribunal de Primera Instancia, Sala de Bayamón, notificada el 24 de marzo de 2025. Mediante la misma, el foro de primera instancia declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria*, presentada por la parte apelante.

Por los fundamentos que expondremos a continuación desestimamos este recurso por falta de jurisdicción.

**I**

El 9 de noviembre de 2023, el apelado, Enrique López López, presentó la *Querella* de epígrafe. En su escrito, alegó que fue objeto de un despido injustificado por parte de la parte apelante, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185(a), según enmendada. La querella fue presentada conforme al procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118.

En respuesta, el 18 de enero de 2024, la parte apelante presentó la *Contestación a Querella*. En el referido escrito, negó que el despido hubiese sido injustificado, y alegó que el mismo respondió a una justa causa, específicamente a una queja de hostigamiento sexual. Además, formuló varias defensas afirmativas.

Posteriormente, luego de varios incidentes procesales no pertinentes a la controversia ante nuestra consideración, el 16 de diciembre de 2024, la parte apelante presentó una *Moción Solicitando Sentencia Sumaria*. En la misma, alegó que no existían hechos en controversia y que el despido del apelado fue realizado por justa causa, conforme al derecho aplicable. En consecuencia, solicitó la desestimación del caso de autos.

Por su parte, el 15 de enero de 2025, el apelado en la *Oposición a la Moción Solicitando Sentencia Sumaria*, sostuvo que la concesión de una sentencia sumaria no era procedente, debido a la existencia de hechos en controversia. Además, alegó que la prueba sometida por la parte apelante constituía prueba de referencia inadmisible, por lo que solicitó que se declarara *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria.*

Evaluados los escritos de las partes, el 23 de marzo de 2025, el Tribunal de Primera Instancia emitió la *Resolución* apelada, notificada el 24 de marzo de 2025. En la misma, determinó que no procedía la concesión de la sentencia sumaria solicitada.

En desacuerdo con lo resuelto, el 23 de abril de 2024, la parte apelante acudió ante nos mediante el presente recurso de apelación y planteó siete (7) señalamientos de error.

**II**

La Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, establece un procedimiento de naturaleza sumaria para aquellos casos que versen sobre reclamaciones de un obrero o empleado en

contra de su patrono, en aras de abreviar los trámites pertinentes a las mismas, de manera que resulte en un proceso menos oneroso para el trabajador. *Collazo Muñiz v. Aliss,* 2025 TSPR 22, 215 DPR ___ (2025); *Class Fernández v. Metro Health Care,* 2024 TSPR 63, 213 DPR ___ (2024); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 265 (2018); *Ríos v. Industrial Optic,* 155 DPR 1, 10 (2001). La naturaleza de esta reclamación exige celeridad en su trámite para así cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer al obrero despedido suficientes recursos económicos entre un empleo y otro. *Reyes Berríos v. ELA,* 213 DPR 1093, 1101 (2024); *Ruiz Camilo v. Trafon Group, Inc.,* supra. El referido mecanismo pretende lograr la pronta disposición del asunto en controversia, evitando que el patrono querellado retrase innecesariamente la tarea judicial y ofreciendo, a su vez, una solución justa para ambas partes. *Ríos v. Industrial Optic,* supra, pág. 10.

Con el fin de mantener el carácter sumario de dicho procedimiento a nivel apelativo, se aprobó la Ley Núm. 133-2014. Mediante esta enmienda se dispuso que, entre otras cosas, en un caso instado al amparo del procedimiento sumario, el término jurisdiccional para apelar de una sentencia emitida por el Tribunal de Primera Instancia es de diez (10) días, contados a partir de la notificación de dicha sentencia.

De otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483 (1999), el Tribunal Supremo concluyó que si bien la revisión, vía *certiorari,* de resoluciones interlocutorias emitidas en procedimientos sumarios tramitados al amparo de la Ley Núm. 2, supra, es contraria a la naturaleza expedita del referido procedimiento, exceptuó de dicha prohibición a:

> [...] aquellos supuestos en que la [resolución interlocutoria] se haya dictado sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en

los cuales los fines de la justicia requieran la intervención del foro apelativo; esto es, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" (miscariage [sic] of justice). *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498.

Dicha norma fue reiterada por el Tribunal Supremo en el caso de *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 711, 732-733 (2016). A su vez, el Tribunal Supremo aclaró que el término para solicitar la revisión de aquellas determinaciones interlocutorias que cumplen con los criterios taxativos establecidos en *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, es de diez (10) días para las revisiones presentadas ante el Tribunal de Apelaciones y de veinte (20) días para aquellas presentadas ante el Tribunal Supremo. *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 736.

### III

Antes de disponer del recurso de epígrafe, corresponde examinar nuestra autoridad para entender sobre el mismo. Conforme la jurisprudencia, el término para revisar una resolución emitida en un procedimiento sumario al amparo de la Ley Núm. 2, supra, es de diez (10) días, contados a partir de la notificación de la resolución.

Al evaluar el expediente, resolvemos desestimar el recurso de epígrafe por haberse presentado fuera del término establecido. Nos explicamos.

Surge del récord ante nos que el Tribunal de Primera Instancia, mediante *Resolución* emitida el 23 de marzo de 2025 y notificada el 24 de marzo de 2025, declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria*, bajo el procedimiento sumario al amparo de la Ley Núm. 2, supra. Por consiguiente, la parte apelante disponía hasta el 3 de abril de 2025 para presentar su recurso de

*certiorari.* No obstante, el mismo fue presentado el 23 de abril de 2025, ya vencido el término establecido de diez (10) días.

Ante lo antes expuesto, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso de *certorari.* A la luz del derecho aplicable, procede su desestimación.

**IV**

Por los fundamentos antes esbozados, desestimamos el recurso por falta de jurisdicción, por haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones