ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| YARILIS M. FONTÁN PÉREZ, <br><br> Recurrida, <br><br> v. <br><br> DR. JACA MONTIJO, C.S.P.; COMPAÑÍAS DE SEGURO X, Y, Z, <br><br> Peticionaria. | KLCE202400861 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. <br><br> Civil núm.: BY2019CV02939. <br><br> Sobre: despido injustificado (Ley Núm. 80); Ley de represalias en el empleo (Ley Núm. 115-1991). |

Panel integrado por su presidenta, la jueza Romero García, la jueza Martínez Cordero y el juez Rivera Colón.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

La controversia ante nuestra consideración está relacionada con asuntos traídos a la atención del foro primario con posterioridad a que adviniera final y firme la *Sentencia* dictada en el caso a favor de la señora Yarilis M. Fontán Pérez (señora Fontán). Ello, en el contexto de una acción laboral tramitada al amparo del procedimiento sumario establecido en Ley Núm. 2 de 17 de octubre de 1961, según enmendada, intitulada *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2), 32 LPRA sec. 3118-3132*.*

La parte peticionaria, Dr. Jaca Montijo, C.S.P. (Montijo C.S.P.), nos solicita que revisemos la determinación del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 3 de junio de 2024[2], que declaró con lugar el memorando de las costas incurridas durante el proceso de apelación ante nos, y en el que prevaleció la señora Fontán. Además, solicita que revoquemos la orden del foro primario que declaró sin lugar su

---

[1] Por virtud de la Orden Administrativa Núm. OATA-2023-040, emitida por el Juez Administrador de este Tribunal, Hon. Roberto J. Sánchez Ramos, 1 de marzo de 2024, se designó al Hon. Felipe Rivera Colón para entender y votar en este recurso, en sustitución de la Hon. Gina Méndez Miró, por esta última haber renunciado.

[2] *Véase*, apéndice del recurso, a la pág. 54.

Número identificador

RES2024_____

solicitud de relevo de sentencia, dada su presunta nulidad, dictada el 26 de junio de 2024[3].

Examinada la petición, así como la solicitud de desestimación del recurso presentada por la señora Fontán el 29 de agosto de 2024, desestimamos el recurso e imponemos a la parte peticionaria una suma por concepto sanciones, a ser pagados a favor de la recurrida. Veamos.

I

Nos encontramos ante una reclamación laboral en la que el trámite procesal dista abismalmente del concepto sumario que lleva por título la Ley Núm. 2. Ello, provocado por la conducta frívola y temeraria desplegada por Montijo, C.S.P. durante la tramitación del pleito. Nos explicamos.

Conforme a la *Sentencia* dictada por el foro primario el 14 de octubre de 2022[4], la señora Fontán fue despedida de su empleo el **28 de diciembre de 2018**, mediante un mensaje de texto enviado por Montijo C.S.P.

El **30 de mayo de 2019**, la señora Fontán instó una reclamación laboral al amparo del procedimiento sumario de la Ley Núm. 2, y por violación a las disposiciones de la Ley Núm. 80-1976, según enmendada, conocida como *Ley sobre despidos injustificados*, 29 LPRA sec. 185a, *et seq.*, y la Ley Núm. 115-1991, según enmendada, intitulada *Ley contra el despido injustificado o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194, *et seq.*[5]

Tanto el recurso ante nuestra consideración como el escrito en oposición narran una serie de eventos procesales relacionados al

---

[3] *Véase*, apéndice del recurso, a la pág. 82.

[4] Para un resumen de los hechos y el derecho aplicable a este caso, nos remitimos a la *Sentencia* emitida por este mismo panel especial el 10 de enero de 2024, en la apelación núm. KLAN202200850, instada por Montijo C.S.P. Nuestra sentencia también fue objeto de revisión por Montijo C.S.P., ante el Tribunal Supremo de Puerto Rico, en el recurso núm. CC-2024-0048. El 1 de marzo de 2024, el Tribunal Supremo denegó la expedición del auto de *certiorari*.

[5] La señora Fontán también se amparó en las disposiciones de la Ley Núm. 45-1935, según enmendada, intitulada *Ley del sistema de compensaciones por accidentes del trabajo*, 11 LPRA sec. 1, *et seq.*; en la Ley Núm. 180-1998, según enmendada, intitulada *Ley de vacaciones y licencia por enfermedad de Puerto Rico*, 29 LPRA sec. 250, *et seq.*; y, en la Ley Núm. 379-1948, según enmendada, o *Ley para establecer la jornada de trabajo en Puerto Rico*, 29 LPRA sec. 271, *et seq.*

descubrimiento de prueba[6]. El incumplimiento de Montijo C.S.P. con las múltiples órdenes del foro primario conllevó que, el **10 de marzo de 2020**, se ordenase la eliminación de sus alegaciones[7].

Posteriormente, el **7 de mayo de 2020**, el tribunal dictó y notificó una *Sentencia Parcial* mediante la cual declaró con lugar la causa de acción de la Ley Núm. 80, por despido injustificado[8].

Desde el 23 de septiembre de 2020, hasta la fecha, tanto este Tribunal como el Tribunal Supremo hemos atendido varios recursos instados por Montijo C.S.P., relacionados con la *Sentencia Parcial* dictada el 7 de mayo de 2020[9].

Inclusive, el **5 de mayo de 2021**, Montijo C.S.P. presentó ante el foro primario una *Urgente moción para dejar sin efecto órdenes bajo [sic] la Regla 34, sentencia parcial y de ejecución de sentencia debido a que adolecen de nulidad*. El 18 de mayo de 2021, notificada al día siguiente, el tribunal declaró sin lugar dicha moción.

También, el **13 de mayo de 2021**, Montijo C.S.P. presentó otra *Urgente moción para dejar sin efecto órdenes de ejecución de sentencia y mandamientos ante la cantidad depositada en el tribunal y al haberse afianzado el restante balance*. El 19 de mayo de 2021, el tribunal lo remitió a la orden dictada el día anterior. Estas órdenes fueron objeto de revisión por el peticionario en el KLCE202100640. Este recurso fue desestimado dada su presentación tardía.

El **30 de marzo de 2022**, Montijo C.S.P. presentó una nueva *Petición de nulidad y relevo de sentencia* [parcial]. Esta fue denegada mediante la *Minuta-Resolución* del 11 de abril de 2022, notificada al día siguiente.

---

[6] En nuestra *Sentencia* del 10 de enero de 2024, también se detallan las acciones y omisiones en las que incurrió Montijo C.S.P. durante la tramitación de este caso.

[7] Esta orden también fue objeto de revisión en nuestra *Sentencia* del 10 de enero de 2024.

[8] Esta *Sentencia Parcial* también fue atendida por este panel en nuestra *Sentencia* del 10 de enero de 2024.

[9] *Véase*, KCLE202000895 y CC-2020-0664; KLCE2021006400 y CC-2021-0404; en ninguno de los recursos instados por Montijo C.S.P. este prevaleció.

Finalmente, luego de celebrado el juicio en su fondo el **10 de junio de 2022**, el **14 de octubre de 2022**, el Tribunal de Primera Instancia dictó su *Sentencia* a favor de la señora Fontán.

Inconforme, el **24 de octubre de 2022**, Montijo C.S.P. instó el recurso de apelación núm. KLAN202200850. Una vez más, Montijo C.S.P. impugnó la *Sentencia Parcial* dictada el 7 de mayo de 2020, así como la *Sentencia* dictada el 14 de octubre de 2022. De los seis señalamientos de error apuntados por Montijo C.S.P. en esa apelación, transcribimos el siguiente error, por este haber sido articulado nuevamente en este recurso de *certiorari*:

> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EXAMINAR Y DEJAR SIN EFECTO SUS DICTÁMENES SANCIONANDO, ELIMINANDO ALEGACIONES, LA SENTENCIA PARCIAL, Y SENTENCIA QUE SON NULOS POR NO HABERSE NOTIFICADO LAS ÓRDENES CON LAS ADVERTENCIAS DE SANCIONES Y ELIMINACIÓN DE ALEGACIONES DIRECTAMENTE A LA PARTE RECURRENTE.

(Mayúsculas en el original).

El **10 de enero de 2024**, este panel emitió una extensa y detallada *Sentencia*, mediante la cual confirmamos la *Sentencia* apelada y, en cuanto a la *Sentencia Parcial* del 7 de mayo de 2020, así como en cuanto a la orden del 10 de marzo de 2020, que eliminó las alegaciones de Montijo C.S.P., declaramos nuestra falta de jurisdicción para atenderlas. Inconforme, Montijo C.S.P. acudió nuevamente al Tribunal Supremo, el cual denegó la petición de *certiorari* 1 de marzo de 2024.

Recibido el mandato, la señora Fontán presentó su memorando de costas de apelación[10], el cual fue declarado con lugar el **3 de junio de 2024**[11].

---

[10] *Véase*, apéndice del recurso, a la pág. 39.

[11] *Íd.*, a la pág. 54. Apuntamos que esta determinación del foro primario fue tomada previo a la opinión del Tribunal Supremo de Puerto Rico del **17 de junio de 2024**, en *Luis V. Class Fernández v. Metro Health Care Management System, Inc.*, 2024 TSPR 63, 213 DPR ___, en la cual se aclaró que, en los casos laborales tramitados al amparo de la Ley Núm. 2, no aplica la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, sobre la imposición de costas a favor de la parte prevaleciente y en contra de la parte perdidosa.

El **20 de junio de 2024**, Montijo C.S.P. presentó otra *Moción urgente para dejar sin efecto sentencias y órdenes* […][12]. Luego, el **24 de junio de 2024**, también presentó una *Moción urgente para dejar sin efecto resolución de costas*[13]. Ambas fueron declaradas sin lugar en sendas órdenes emitidas el **25 de junio de 2024**[14].

No satisfecho, Montijo C.S.P. presentó una segunda solicitud de reconsideración el **5 de julio de 2024**[15].

Un mes más tarde, el **8 de agosto de 2024**, Montijo C.S.P. instó este recurso. En él planteó la comisión de dos errores. El primero, es un calco de unos de los señalamientos de error planteados en el recurso de apelación núm. KLAN202200850, cuya sentencia advino final y firme; a decir:

> ERRÓ MANIFIESTAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EXAMINAR Y DEJAR SIN EFECTO SUS DICTÁMENES SANCIONANDO, ELIMINANDO ALEGACIONES, LA SENTENCIA PARCIAL, Y SENTENCIA QUE SON NULOS POR NO HABERSE NOTIFICADO LAS ÓRDENES CON LAS ADVERTENCIAS DE SANCIONES Y ELIMINACIÓN DE ALEGACIONES DIRECTAMENTE A LA PARTE RECURRENTE.

Como segundo error, apuntó:

> ERRÓ MANIFIESTAMENTE Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A, EN ADELANTE, DEJAR SIN EFECTO LA ORDEN IMPONIENDO COSTAS EN APELACIÓN CONTRARIA AL TEXTO DE LA LEY Y LA OPINIÓN Y SENTENCIA RECIÉN PUBLICADA POR EL TRIBUNAL SUPREMO EN EL CASO DE <u>FERNÁNDEZ V METRO HEALTH</u>, 2024 TSPR 63.

(Mayúsculas y subrayado en el original; negrillas omitidas).

Como adelantamos, el 29 de agosto de 2024, la señora Fontán presentó su solicitud de desestimación del recurso por este haberse presentado tardíamente. Además, solicitó que, a la luz de la conducta

---

[12] Nótese que Montijo C.S.P., sabiendo que aún se encontraba en un procedimiento sumario laboral, el cual impide la presentación de mociones de reconsideración, conforme había sido dispuesto desde el 2 de marzo de 2016, en *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 711, 736 (2016), optó por presentar esta moción dentro del término de 15 días, que dispone la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V.

[13] *Véase*, apéndice del recurso, a la pág. 75.

[14] *Íd.*, a las págs. 82 y 83.

[15] *Íd.*, a la pág. 84. Nos remitimos, además, a la nota al calce núm. 12, *ante*.

contumaz y frívola desplegada por Montijo C.S.P., le condenásemos al pago de honorarios de abogado y le impusiéramos sanciones.

II

A

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2), 32 LPRA sec. 3118-3132, instituye un procedimiento sumario de adjudicación de pleitos laborales, dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos, relativos a salarios, beneficios y derechos laborales. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

El Tribunal Supremo de Puerto Rico ha consignado que la característica fundamental de la Ley Núm. 2 es su naturaleza sumaria. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018). A tales efectos, **tanto las partes como los tribunales estamos obligados a respetarla y a velar que no se desvirtúe su carácter especial y sumario**. *Íd.* A su vez, ha enfatizado que las disposiciones de dicha legislación se deberán interpretar de manera liberal a favor del empleado. Ello, para equiparar la desigualdad de los medios económicos que exista entre las partes. *Vizcarrondo Morales v. MVM*, 174 DPR 921, 928-929 (2008).

Con el fin de mantener el carácter sumario de dicho procedimiento a nivel apelativo, se aprobó la Ley Núm. 133-2014. Mediante esta enmienda se dispuso que, entre otras cosas, en un caso instado al amparo del procedimiento sumario, el **término jurisdiccional para apelar de una sentencia emitida por el Tribunal de Primera Instancia es de 10 días**, contados a partir de la notificación de dicha sentencia.

De otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), el Tribunal Supremo concluyó que si bien la revisión, vía *certiorari*, de resoluciones interlocutorias emitidas en procedimientos sumarios tramitados al amparo de la Ley Núm. 2 es contraria a la

naturaleza expedita del referido procedimiento, exceptuó de dicha prohibición,

> […] aquellos supuestos en que la [resolución interlocutoria] se haya dictado **sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo**; esto es, en aquellos casos extremos en que la revisión inmediata, **en esa etapa**, disponga del caso, o su pronta disposición, en forma definitiva o **cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia"** (*miscariage* [sic] *of justice*).

*Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR, a la pág. 498. (Bastardillas suprimidas; énfasis nuestro)[16].

Dicha norma fue reiterada por el Tribunal Supremo en el caso de *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 711, 732-733 (2016). Además, el Tribunal Supremo aclaró que **el término para solicitar la revisión de aquellas determinaciones interlocutorias que cumplen con los criterios taxativos establecidos en** *Dávila, Rivera v. Antilles Shipping, Inc.*, **es de 10 días para las revisiones presentadas ante este Tribunal**, y de 20 días para aquellas presentadas ante el Tribunal Supremo. *Íd.*, a la pág. 736.

La importancia que reviste la atención sumaria de las reclamaciones instadas al amparo de la Ley Núm. 2 es de tal magnitud que el Tribunal Supremo aclaró que,

> .     .     .     .     .     .     .     .     .
>
> […] **la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2**, *supra*. Entre otras razones, pues se daría la anomalía de proveerle a las partes un término mayor para solicitar reconsideración que el provisto por la Ley Núm. 2, *supra*, para la revisión de determinaciones finales.
>
> .     .     .     .     .     .     .     .     .

*Medina Nazario v. McNeil Healthcare LLC*, 194 DPR, a la pág. 736. (Énfasis nuestro).

Ello responde a que, "[t]al proceder **atenta contra la clara política pública del Estado de 'tramitar las reclamaciones laborales con prontitud, sin dilaciones que puedan frustrar los fines de la justicia'**.

---

[16] *Véase*, además, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 348-349 (2021); y, *León Torres v. Rivera Lebrón*, 204 DPR 20, 30-31 (2020).

[…]". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR, a la pág. 737. (Cita suprimida; énfasis nuestro). Particularmente, ya que el procedimiento al amparo de la Ley Núm. 2 "desprovisto 'de esa característica sumaria, resultaría en un procedimiento ordinario más, incompatible con el mandato legislativo'". *Íd.* (Cita suprimida).

B

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). **De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación**. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Por su parte, la Regla 83(b) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos permite desestimar un recurso de apelación a solicitud de parte. En específico, la Regla 83(b)(1) provee para la desestimación de un pleito por falta de jurisdicción.

C

La Regla 85 del Reglamento de este Tribunal de Apelaciones dispone las instancias en que las cuales este foro puede imponer sanciones económicas a una parte o a su representación legal; a decir:

.        .        .        .        .        .        .        .

**(b) Si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará o desestimará, según sea el caso, e impondrá a la parte promovente o a su abogado o abogada las costas, los gastos, los honorarios de abogado y la sanción económica que estime apropiada**, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones.

El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al

recurso es frívola o que ha sido presentada para dilatar los procedimientos.

**(c) El Tribunal de Apelaciones impondrá costas y sanciones económicas en todo caso y en cualquier etapa a una parte, a su abogado o a su abogada por la interposición de recursos frívolos o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.**

**(d) A discreción del Tribunal de Apelaciones, la sanción económica podrá ser a favor del Estado, de cualquier parte o de su abogado o abogada.**

**(e) Los dictámenes del Tribunal de Apelaciones bajo esta regla deberán ser debidamente fundamentados.**

4 LPRA Ap. XXII–B, R. 85. (Énfasis nuestro).

III

En primer lugar, reiteramos que el caso ante el Tribunal de Primera Instancia se ha tramitado consecuentemente al amparo del procedimiento sumario de la Ley Núm. 2. Por lo tanto, la parte adversamente afectada por la decisión interlocutoria post-sentencia emitida por ese foro contaba con un término de 10 días para presentar este recurso de *certiorari*. Transcurrido en exceso dicho término, este Tribunal carece de jurisdicción para atenderlo.

Tal cual surge del trámite de este caso, el 10 de enero de 2024, este panel emitió una *Sentencia* mediante la cual confirmamos la *Sentencia* dictada el 14 de octubre de 2022. En cuanto a la *Sentencia Parcial* del 7 de mayo de 2020, así como en cuanto a la orden del 10 de marzo de 2020, que eliminó las alegaciones de Montijo C.S.P., declaramos nuestra falta de jurisdicción para atenderlas. El Tribunal Supremo de Puerto Rico denegó la expedición del auto.

Recibido el mandato, la señora Fontán presentó su memorando de costas de apelación, el cual fue declarado con lugar el **3 de junio de 2024**.

No obstante, y contrario a lo establecido por la jurisprudencia pertinente, el **20 de junio de 2024**, Montijo C.S.P. presentó lo que intituló *Moción urgente para dejar sin efecto sentencias y órdenes* […]; es decir, conforme a la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V,

solicitó la reconsideración de la determinación del 3 de junio. Ello, en abierta contravención a lo establecido por el Tribunal Supremo en *Medina Nazario v. McNeil Healthcare LLC*, y su progenie.

Luego, el **24 de junio de 2024**, también presentó una *Moción urgente para dejar sin efecto resolución de costas.* Ambas fueron declaradas sin lugar en sendas órdenes emitidas el **26 de junio de 2024**.

No satisfecho, Montijo C.S.P. presentó una segunda solicitud de reconsideración el **5 de julio de 2024**.

Un mes más tarde, el **8 de agosto de 2024**, Montijo C.S.P. instó este recurso.

Es evidente que el término para revisar la orden sobre la imposición de costas de apelación en su contra transcurrió fatalmente para Montijo C.S.P., por lo que carecemos de jurisdicción para atenderlo y solo resta desestimarlo por tardío.

Ahora bien, independientemente de ello, nos parece evidente, también, que Montijo C.S.P. ha incurrido en una conducta contumaz y temeraria al presentar tardíamente este recurso. En múltiples ocasiones, este Tribunal desestimó los recursos instados por Montijo C.S.P. por razón de su demora o por razón de la incompatibilidad de sus intentos de revisar resoluciones interlocutorias con el procedimiento sumario laboral.

Inclusive, en este último intento, de manera obstinada y frívola plantea como error el mismo asunto que ya había sido atendido y resuelto por este panel en su *Sentencia* del 10 de enero de 2024.

La conducta asumida por Montijo C.S.P. ha incidido negativamente en la tramitación ágil y libre de dilaciones innecesarias que manda la Ley Núm. 2. Su proceder ha resultado incongruente con la naturaleza del proceso sumario, y su abierta inobservancia de los términos y los mecanismos que contempla la legislación especial ha conllevado esfuerzos innecesarios y costosos, tanto para la señora Fontán como para la sana administración de la justicia.

Si bien estamos impedidos de imponer las costas del proceso a Montijo C.S.P., nada impide que, a la luz de su conducta obstinada y frívola, le impongamos el pago de una sanción económica.

IV

A la luz de los hechos y el derecho antes expuestos, este Tribunal concluye que carece de jurisdicción para atender los méritos del recurso por este haberse instado de manera tardía, por lo que procede su desestimación.

No obstante, y conforme a la Regla 85 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, y a la luz de la conducta contumaz y frívola desplegada por Montijo C.S.P., le imponemos una sanción de tres mil dólares ($3,000.00), a ser pagada a favor de la señora Yarilis M. Fontán Pérez, en el término de 10 días, computado a partir de que esta resolución advenga final y firme.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones