Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CARMEN MARGARITA FAGOT BIGAS<br><br>PETICIONARIA<br><br>v.<br><br>EX PARTE | TA2025CE00005 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2023CV00854<br><br>Sobre: Declaratoria de Herederos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

### I.

El 16 de junio de 2025, Emilio Fagot Rodríguez (señor Emilio Fagot Rodríguez, peticionario o albacea), como albacea de la Sucn. Pedro Remberto Fagot Bigas, presentó ante nos una petición de *certiorari* en la que solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario) el 13 de mayo de 2025, notificada y archivada digitalmente en autos el 15 de mayo de 2025, en el caso sobre declaratoria de herederos promovido por la señora Carmen Margarita Fagot Bigas (señora Carmen Fagot Bigas o recurrida).[2] En el dictamen, el TPI resolvió, en reconsideración, que carecía de jurisdicción para atender un *Memorando de costas* radicado por el peticionario porque no fue presentado dentro del término

---

[1] Véase Orden Administrativa OATA-2021-086 del 4 de noviembre de 2021.
[2] Véase la Entrada Núm. 42 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

jurisdiccional establecido para ello, en virtud de la Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(c).

El 25 de junio de 2025, la señora Carmen Fagot Bigas radicó una *Oposición a la expedición del auto de certiorari* en la que solicitó que rechacemos expedir el auto solicitado.

En adelante, pormenorizamos los hechos procesales más importantes para la atención del presente recurso.

**II.**

El caso de marras tuvo su génesis el 28 de marzo de 2023 cuando la señora Carmen Fagot Bigas radicó una petición *ex parte* de *Declaratoria de herederos* respecto a la Sucesión de su hermano el señor Pedro Remberto Fagot Bigas (señor Pedro Fagot Bigas o causante), fallecido el 6 de diciembre de 2022.[3]

Tras varios trámites procesales, el 27 de marzo de 2024, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la *Moción de desestimación* presentada por el albacea.[4]

Inconforme, el señor Emilio Fagot Rodríguez presentó un recurso apelativo ante este Tribunal de Apelaciones. El 29 de agosto de 2024, este Panel emitió una *Sentencia* ante la controversia acerca de la disposición de bienes del causante y la composición de la Sucesión Fagot Bigas. (***Carmen Margarita Fagot Bigas ex parte Emilio Fagot Rodriguez***, KLCE202400690). Resolvimos que el causante dispuso de sus bienes válidamente y que aún se estaba dilucidando ante el TPI si la señora Fagot Bigas era heredera, por lo que no se le debía adjudicar la totalidad de los bienes hereditarios del causante. Por ende, revocó la *Resolución* emitida por el foro primario y se le ordenó desestimar la declaratoria de herederos presentada.

---

[3] Véase la Entrada Núm. 1 del expediente digital del caso en el SUMAC-TPI.
[4] Véase la Entrada Núm. 14 del expediente digital del caso en el SUMAC-TPI.

Así las cosas, el 9 de diciembre de 2024, la Secretaria del Tribunal de Apelaciones le remitió al TPI el mandato emitido por este Tribunal.[5]

El 11 de diciembre de 2024, el señor Fagot Bigas radicó un *Memorando de costas* en apelación en el que solicitó que la señora Fagot Bigas le pagara el monto de seiscientos ochenta y dos dólares y cuarenta y ocho centavos ($682.48) en concepto de los gastos incurridos en el trámite del recurso de *Apelación.*[6]

El 16 de diciembre de 2024, el TPI emitió una *Sentencia* en la que resolvió que procedía desestimar la declaratoria de herederos presentada por la señora Fagot Bigas, cumpliendo con lo ordenado por este foro.[7]

Ese mismo día, el TPI emitió una *Resolución Interlocutoria* en la que aprobó el monto solicitado en el *Memorando de costas* presentado por el albacea.[8]

El 19 de diciembre de 2024, la señora Fagot Bigas presentó una *Moción de reconsideración* en la que se opuso a la concesión del *Memorando de costas.*[9]

El 13 de febrero de 2025, la señora Fagot Bigas presentó una *Moción suplementaria a reconsideración y moción de desestimación por falta de jurisdicción sobre la materia* en la que alegó que el TPI carecía de jurisdicción para aprobar el *Memorando de costas* presentado por el albacea puesto que el señor Fagot Bigas no lo presentó dentro del término jurisdiccional establecido.[10] Ello, debido a que el mandato fue incorporado en el SUMAC el 13 de diciembre de 2024 y, por tanto, el señor Fagot Bigas radicó su escrito previo a que

---

[5] Véase la Entrada Núm. 32 del expediente digital del caso en el SUMAC-TPI.
[6] Véase la Entrada Núm. 30 del expediente digital del caso en el SUMAC-TPI.
[7] Véase la Entrada Núm. 33 del expediente digital del caso en el SUMAC-TPI.
[8] Véase la Entrada Núm. 34 del expediente digital del caso en el SUMAC-TPI.
[9] Véase la Entrada Núm. 36 del expediente digital del caso en el SUMAC-TPI.
[10] Véase la Entrada Núm. 38 del expediente digital del caso en el SUMAC-TPI.

el término para radicar el *Memorando de costas* comenzara a decursar.

El 13 de mayo de 2025, notificada el 15 de mayo de 2025, el TPI emitió una *Resolución en reconsideración* en la que resolvió que carecía de jurisdicción para conceder la cuantía solicitada en el referido *Memorando de costas* toda vez que fue presentado antes de que el término jurisdiccional comenzara a transcurrir. El TPI razonó que el señor Fagot Bigas no presentó el mencionado *Memorando de costas* posterior al 13 de diciembre de 2024, luego del mandato estar incorporado en SUMAC.

Inconforme, el señor Fagot Bigas radicó el presente recurso y señaló que el TPI cometió el siguiente error:

> Erró el TPI al exonerar a la parte recurrida del memorando de costas presentado por esta parte bajo el errado fundamento esgrimido por la parte recurrida de que dicho memorando fue presentado prematuramente, lo cual constituye un craso error de derecho, en violación a la Regla 44.1 (c)

En síntesis, el señor Fagot Bigas argumentó que el *Memorando de costas* no fue presentado prematuramente, toda vez que fue radicado el 11 de diciembre de 2024 posterior a la notificación del envío del mandato emitido por este Tribunal de Apelaciones el 9 de diciembre de 2024. Según planteó, ello significó que el *Memorando de costas* fue presentado dentro del término jurisdiccional estatuido.

**III.**

**A.**

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal

inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[11] ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.***, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario v. McNeill Healthcare LLC,*** *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez v.***

---

[11] Esta Regla dispone que:
[....]
El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

***Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[12]

**B.**

La Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, establece las normativas que rigen la concesión de costas y honorarios de abogado, así como el interés legal aplicable a estas. En concreto, la Regla 44.1(a), *supra*, R. 44.1(a) define las costas, disponiendo que estas comprenderán "los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra". Entretanto, la Regla 44.1, *supra*, rige los honorarios de abogado, prescribiendo lo siguiente:

> (a) Su concesión. Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o

---

[12] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra. (b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la Reglas de Procedimiento Civil de Puerto Rico 71 revisión de la resolución sobre costas deberá consolidarse con dicho recurso

(c) En etapa apelativa. **La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se haya incurrido para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda**. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o de la abogada, y su impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1(b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante certiorari ante el Tribunal Supremo. Cuando se revoque la sentencia del Tribunal de Primera Instancia, la parte a cuyo favor se dicte la sentencia presentará un memorándum de costas en conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos en que se haya incurrido tanto en el Tribunal de Apelaciones como en el Tribunal Supremo. (Énfasis nuestro)

La imposición de costas es mandatoria, una vez la parte victoriosa las reclama. *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880 (2012). Sin embargo, su concesión no es automática ya que tiene que presentarse oportunamente un memorando de costas en la que se detallen los gastos

incurridos. ***Rosario Domínguez et als. v. ELA et al.,*** 198 DPR 197, 211 (2017). Cabe señalar, que el tribunal tiene amplia discreción para evaluar la razonabilidad de los gastos solicitados y determinar la necesidad de los mismos. Íd. La parte prevaleciente en un pleito tiene un término jurisdiccional de diez (10) días para presentar el memorando de costas ante el foro primario. ***Rosario Domínguez et als. v. ELA et al.,*** supra, pág. 213. "[E]ste plazo es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas." Íd. Por lo tanto, ante la presentación oportuna de un memorando de costas juramentado, "el tribunal tendrá que determinar: cuál fue la parte que prevaleció en el pleito, y cuáles de los gastos en los que esta incurrió fueron necesarios y razonables". ***Class Fernández v. Metro Health Care Management System, Inc.***, 2024 TSPR 63. Dicha determinación descansa en la sana discreción del tribunal. ***Maderas Tratadas v. Sun Alliance***, 185 DPR 880, 935 (2012).

## IV.

En el caso de marras, el TPI resolvió que el señor Fagot Bigas radicó de forma prematura un *Memorando de costas,* puesto que no había comenzado a decursar el término para la presentación de este. El TPI razonó que el mandato de este Tribunal de Apelaciones fue notificado el 13 de diciembre de 2024 y no el 9 de diciembre de 2024. Por ende, el señor Fagot Bigas presentó el *Memorando de costas* antes de que comenzara a transcurrir el término jurisdiccional.

En desacuerdo, el señor Fagot Bigas alegó que el TPI fue notificado el 9 de diciembre de 2024 y, por tanto, presentó dentro del término jurisdiccional el *Memorando de costas*. Consecuentemente, la fecha correcta para tomar en consideración la notificación del mandato, era el 9 de diciembre de 2024 y no la fecha en que el documento fue suministrado a SUMAC.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra,* y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que el foro primario erró al no ordenar el pago de la cuantía solicitada en el *Memorando de costas* presentado por el señor Fagot Bigas.

De las normas jurídicas pormenorizadas, el término para presentar un *Memorando de costas* en apelación es de diez (10) días <u>a partir de la notificación del mandato</u>. En el presente caso, el TPI fue notificado del mandato el **9 de diciembre de 2024** y no el 13 de diciembre de 2024. Es decir, el foro primario erró, toda vez que tomó en consideración la fecha en que el mandato fue incorporado a SUMAC y no cuando fue debidamente notificado del mandato de este Tribunal de Apelaciones. Consecuentemente, el señor Fagot Bigas cumplió en presentar el *Memorando de costas* en conformidad con el término establecido.

Por los fundamentos que anteceden, ejerceremos nuestra función revisora y expedimos el auto de *certiorari* en virtud de que el peticionario presentó un *Memorando de costas* dentro del término jurisdiccional dispuesto para ello en la Regla 44.1 de Procedimiento Civil, *sup*ra.

**V.**

Por los fundamentos pormenorizados, se *expide* el auto de *certiorari,* se *revoca* la *Resolución* recurrida y se *devuelve* el caso al TPI para que resuelva el *Memorando de costas* presentado por el peticionario.

El Juez Sánchez Ramos está conforme y añade lo siguiente.

Aun partiendo de la teoría de la parte recurrida (equivocada, según explicado en nuestra Sentencia), a los efectos de que el mandato debe entenderse recibido el 13 de diciembre, de todas

maneras, el resultado sería el mismo. Adviértase que la determinación del Tribunal de Primera Instancia ("TPI"), aprobando las costas, se emitió luego del 13 de diciembre, por lo cual no hay duda de que dicho foro actuó con jurisdicción sobre el caso. Lo importante, así pues, es que la solicitud de costas se presentara antes de la fecha límite (sobre lo cual no hay controversia aquí) y que el TPI actuara luego de recibido el mandato (sobre lo cual tampoco hay controversia).

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís

Secretaria del Tribunal de Apelaciones